IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HASALEE MIMS, #126 911, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-866-TMH |
| ) | [WO] |
| LEEPOSEY DANIEL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 complaining that he is being required to receive successive treatment for tuberculosis which is causing detrimental effects to his health. This action is proceeding on the amended complaint filed by Plaintiff on November 30, 2012. (*Doc. No. 9*) Named as defendants are the State of Alabama, Governor Robert Bentley, and Warden Leeposey Daniel. Upon review of the amended complaint, the court concludes that dismissal of Plaintiff's claims against the State of Alabama and Governor Bentley prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### I. DISCUSSION

*A. Governor Bentley*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff names Governor Robert Bentley as a defendant to this cause of action. No specific allegations, however, are made against this individual. Consequently, there is no basis on which the complaint may proceed against him. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).  Further, the complaint may not proceed against Defendant Bentley based on a theory of *respondeat superior* or on the basis of vicarious liability absent proof of actual personal involvement in the alleged wrongdoing. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Because Plaintiff makes no specific allegations against Defendant Bentley and fails to indicate that he was personally involved in the constitutional violations about which Plaintiff complains, the complaint against Defendant Bentley is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(I) & (ii). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

B.  *The State of Alabama*

The State of Alabama is immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986).

The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Id.*; *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, Plaintiff's claims against the State of Alabama are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i and/or iii). *See Neitzke*, 490 U.S. at 327.[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Bentley and the State of Alabama be DISMISSED with prejudice and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(, ii, and/or iii);

2. Defendants Bentley and the State of Alabama be DISMISSED as parties to the complaint; and

3. This case with respect to the remaining defendant be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **January 21, 2013,** Plaintiff may file an objection to the

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of January, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE